IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION

| | |
|---|---|
| JESSE LEE FAIRCLOTH, a/k/a JESSE LEE HOPKINS,<br><br>Petitioner,<br><br>vs.<br><br>MONTANA BOARD OF PARDONS AND PAROLE,<br><br>Respondent. | Cause No. CV 17-27-BU-BMM-JCL<br><br>FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Faircloth's application for writ of habeas corpus. Faircloth is a state prisoner proceeding pro se.[1]

On August 30, 2018, the Court ordered Faircloth to show cause why his petition should not be dismissed without prejudice because he failed to present his claims in the courts of the State of Montana. Faircloth was also told that his failure to respond would be deemed an admission that he did not exhaust his claims and would result in a recommendation that his petition be dismissed. *See* Order (Doc. 22) at 3. The Court's docket indicates the order was mailed and does not indicate it was returned.

---

[1] Other cases have been filed under Faircloth's former last name, Hopkins. He appears to prefer Faircloth, so that is how the Court will refer to him. For clarity, however, the record will continue to reflect both names.

1

Faircloth did not respond to the Order.

Before issuing the Order, the Court reviewed all the documents filed by the State (Docs. 16-1 through 16-33, 17-1) and by Faircloth (Docs. 1, 6, 7, 9, 10, 13, 18, 19, 20). It constructed a detailed timeline of the relevant events and considered Faircloth's claims in light of all the materials on file. It found that one or more claims might have merit.[2]

As Faircloth's claims concern actions of the Montana Board of Pardons and Parole, he could have presented them to the Montana Supreme Court in a petition for writ of habeas corpus. Although such a petition might be dismissed or denied, this Court is not aware of controlling statutory or decisional law that would clearly preclude it. But, despite the explanation of this option, *see* Order to Show Cause (Doc. 22) at 2–3, Faircloth has not filed a state habeas petition. *See* Montana Supreme Court, Active Dockets & Closed Dockets, *available at* https://supremecourtdocket.mt.gov (accessed Oct. 26, 2018).

The Court may stay a wholly unexhausted federal habeas petition, *see Mena v. Long*, 813 F.3d 907, 912 (9th Cir. 2016), provided the petitioner has good cause for failing to exhaust a potentially meritorious claim and has not dawdled, *see*

---

[2] Faircloth cannot begin serving his consecutive Missoula County sentences until he obtains a new parole or discharges the full Gallatin County sentence. If he were to receive a new hearing and obtain a more favorable decision from the Board of Pardons and Parole, his total time in prison might be reduced. For this reason, his petition does not appear to be moot.

2

*Rhines v. Weber*, 544 U.S. 269, 278 (2005). Faircloth's failure to file in the Montana Supreme Court, as well as his failure to respond to the Order of August 30, suggest he has no good cause for failing to exhaust his state remedies and indicate he is not interested in pursuing this matter. His petition should be dismissed without prejudice for failure to exhaust state remedies. *See* 28 U.S.C. § 2254(b)(1)(A), (c); *Rose v. Lundy*, 455 U.S. 509, 520 (1982).

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules Governing § 2254 Proceedings. A COA should issue if the petitioner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Where a claim is dismissed on procedural grounds, the court must also decide whether "jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

Although one or more of Faircloth's claims might have merit, reasonable jurists would agree that his failure to exhaust his claims in the Montana Supreme Court, despite notice of his opportunity to do so, is fatal. A COA is not warranted.

Based on the foregoing, the Court enters the following:

### RECOMMENDATION

1. Faircloth's petition (Docs. 1, 6, 7, 9, 10, 13, 18, 19) should be

3

Case 2:17-cv-00027-BMM-JCL Document 23 Filed 10/26/18 Page 4 of 4

DISMISSED for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

### NOTICE OF RIGHT TO OBJECT TO FINDINGS & RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Faircloth may object to this Findings and Recommendation within 14 days. *See* 28 U.S.C. § 636(b)(1).[3] Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Faircloth must immediately advise the Court of any change in his mailing address.</u> Failure to do so may result in dismissal of this action without notice to him.

DATED this 26th day of October, 2018.

/s/ Jeremiah C. Lynch
Jeremiah C. Lynch
United States Magistrate Judge

---

[3] This deadline allows a party to act within 14 days after the Findings and Recommendation is "served." Federal Rule of Civil Procedure 6(d) allows three additional days after the period would otherwise expire.